1506

Ann Theresa HYDE, Respondent v. Jules Verne HYDE, Appellant.

(395 S.E. (2d) 186)

Court of Appeals

*K. Douglas Thornton,* of *Coffey, Cooper, Chandler & Durant,* Surfside Beach, *for appellant.*

*H. T. Abbott, III,* Conway, *for respondent.*

*Joseph O. Burroughs, Jr.,* Conway, *GAL for minor child.*

Heard April 9, 1990.

Decided May 29, 1990.

SHAW, Judge:

Respondent-wife, Ann Theresa Hyde, sued appellant-hus-

band, Jules Verne Hyde, for, among other things, a divorce, equitable distribution of marital property, and custody of the minor child of the parties. From a family court order, the husband appeals the provisions on visitation and property division. We affirm in part, reverse in part and remand.

At the time of the hearing on this matter, the husband was 65 years old, the wife was 50 and their son was 9. The parties had been married for approximately 11 years. The trial judge granted the wife a divorce on the ground of physical cruelty, awarded custody of the minor child to the wife, ordered the husband was to have six hours of visitation per month and equitably divided the marital property.

The husband first contends the trial judge erred in limiting his visitation to only six hours per month. We disagree. The issue of visitation is within the sound discretion of the trial judge and his findings will not be disturbed absent an abuse of that discretion. *Cudd v. Arline*, 277 S.C. 236, 285 S.E. (2d) 881 (1981). As with child custody, the paramount and controlling consideration of the court in determining the issue of visitation is the welfare and best interest of the child. *King v. Gardner*, 274 S.C. 493, 265 S.E. (2d) 260 (1980). Indeed, while it is to be used sparingly, the court has the power to absolutely forbid visitation in an extreme case. *Venable v. Venable*, 273 S.C. 96, 254 S.E. (2d) 309 (1979).

The record before us is replete with evidence of the husband's irrational rage and uncontrollable temper. The wife testified to at least three incidents of physical abuse and threats committed on her by the husband which were corroborated by witnesses or admitted to by the husband. She further testified on one occasion the husband had pulled their son's hair when he was small because the child would not say he loved the husband. She also testified the husband verbally abused another child who was on an outing with the family, reducing the child to tears, and, after dropping the child off and returning home, he physically abused the mother, stopping only when their son became hysterical. Finally, the record reveals that subsequent to the parties' separation, the husband sent threatening letters and pictures to the wife allowing the placement of a restraining order by the court. Given the evidence of the husband's irrational behavior in the past and propensity to disregard court orders, we cannot say

the trial judge abused his discretion in limiting visitation with the child.

The husband next contends the trial judge erred in valuing the parties' household personal property at $3,000. We agree. The evidence on the existence and value of this property is scant. The parties owned three modular homes which apparently contained household furnishings. The husband presented an appraisal of the three units each of which included a cost figure for the furnishings. While the appraiser placed a cost value on the furnishings in each unit, he stated he took off 10% on two of the units' furnishings and 15% on the third for depreciation without placing a final value on them but rather lumping them in with the value of each modular home. There is no evidence of where the furnishings came from or what they were. Apparently choosing not to accept the only evidence available to him as an accurate value, the trial judge placed a value of $1,000 on furnishings in each unit. The record is devoid of any evidence to support this value. In that we find the evidence inadequate for a determination of the extent and value of this marital personal property, we remand this issue for reconsideration by the trial judge.

While the husband initially argued the trial judge erred in equitably dividing the marital real property, this issue was abandoned at oral argument. We further find the division by the trial judge resulted in approximately a 50/50 split and we find no abuse of discretion.

Affirmed in part, reversed in part and remanded.

BELL and GOOLSBY, JJ., concur.