2047

David K. PERRY, Respondent v. Juanita PERRY, Appellant.

(433 S.E. (2d) 911)

Court of Appeals

*Robert N. Rosen,* of *Rosen, Rosen & Hagood,* Charleston, *for appellant.*

*Mark O. Andrews,* of *Andrews & Shull,* Mt. Pleasant, *for respondent.*

Submitted June 7, 1993.

Decided July 6, 1993.

SHAW, Judge:

Respondent-husband, David K. Perry, brought this action against appellant-wife, Juanita Perry, seeking a divorce, cus-

tody of the parties' three minor daughters, child support, a division of marital property, and attorney's fees and costs. From an order of the trial judge granting custody to the father, ordering the wife to pay $14,000 in fees and costs, and awarding each party 50% of the marital estate the wife appeals. We affirm.

The mother raises the following four issues on appeal: (1) whether the trial judge erred in awarding custody of the three children to the husband when the children desired to live with the wife and the trial judge failed to hear testimony from the children; (2) whether the trial judge placed too much weight on the wife's adultery in determining custody; (3) whether the trial judge erred in awarding the husband $12,500 in attorney fees and $1,500 in private investigator fees; and (4) whether the trial judge erred in apportioning the marital property.

The wife first contends the trial judge erred in awarding custody to the husband and failing to take testimony from the three children (ages 12, 8, and 5 at the time of the hearing). We disagree. First, as conceded by the appellant, trial counsel apparently failed to request that the trial judge take testimony from the children. Secondly, the children's guardian advised the court several times that the children desired to live with their mother, thus, the court was clearly made aware of their wishes. *See Cartee v. Cartee,* 295 S.C. 103, 366 S.E. (2d) 269 (Ct. App. 1988) (The appellant bears the burden of showing not only error, but also prejudice). Further, the significance to be attached to the wishes of a child in a custody dispute depends on the age of the child and the attendant circumstances and, while the wishes of a child of any age may be considered, the weight given those wishes must be dominated by what is best for the welfare of the child. *Bolding v. Bolding,* 278 S.C. 129, 293 S.E. (2d) 699 (1982). After a thorough review of the record, we find more than ample evidence to support the trial judge's finding that the children's best interest will be served by placing them in the custody of their father.

As to the wife's assertion that the trial judge placed too much emphasis on the wife's adultery in making a custody determination, a review of his order clearly shows this determination was not based on the wife's adulter-

ous conduct. On the contrary, the trial judge made various specific findings regarding other actions of the wife which were not in the best interest of the children. It is upon these other bases that the trial judge made his determination regarding custody. As noted in his order on reconsideration of the matter, even with no proof of adultery, the record supports the award of custody to the husband.

The wife also alleges error in the award of attorney's fees and costs. The record shows the husband incurred attorney's fees in excess of $18,000 and private investigator fees of $1,500. The trial judge found, and the record supports, that the wife denied the allegation of adultery and demanded strict proof, thereby placing the husband in the position of having to prove her adultery. He further noted the wife failed to prove her allegation of physical cruelty and such allegation was meritless and contributed to the fees and costs the husband incurred. He found the most complicated and time-consuming issue was custody, on which the husband prevailed, and that the husband alone presented evidence on the issue of equitable division, thus incurring significant costs for such preparation. The award of attorney's fees and costs are within the sound discretion of the trial judge. *Nienow v. Nienow*, 268 S.C. 161, 232 S.E. (2d) 504 (1977). Under the circumstances of this case, we find no abuse of that discretion.

As to the wife's assertion regarding equitable distribution, we find her argument to be manifestly without merit. *See* Rule 220(b)(2), SCACR.

Accordingly, the order below is affirmed.

Affirmed.[1]

CURETON and GOOLSBY, JJ., concur.

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.