## 2118

Lynda P. WHITE, Respondent v. Michael L. COOK, Appellant.

(440 S.E. (2d) 391)

Court of Appeals

*Frances L. Cain,* of *Law Offices of Lionel S. Lofton,* Charleston, *for appellant.*

*Cindy M. Floyd,* North Charleston, *for respondent.*

Submitted Dec. 7, 1993.

Decided Jan. 17, 1994.

CONNOR, Judge:

Lynda White (the mother) brought this action against Michael Cook (the father) for an increase in child support for the parties' daughter, Jessica Kaye White. The court found a substantial change in circumstances, applied the Child Support Guidelines, and ordered the father to pay an increase in child support from $206.64 to $529.82 per month. The father appeals. We reverse and remand.

When the mother originally brought an action for support in 1989, the court ordered the father to pay $206.42 per month. The father has met this support obligation, although he has neither taken an interest in the child nor exercised any visitation.

The mother works for the father's brother and earns a monthly gross income of $1,473. She brought this action for in-

creased support because she is now incurring child care expenses she did not have in 1989 when the child's grandmother was living with her and could assist with childcare. The mother also claims the father is earning a greater income. He is part-owner of a moving company and earns a gross annual income of $42,590. He has since married and has two additional children.

During the trial, the father's attorney sought to have the court consider his two other children in setting the amount of support. The trial judge responded,

> No, sir, [not] unless you show some of the criteria that comes out of the guidelines, but all we will do is take their two gross incomes, and put them down here, and put them back together, just as if they were living together.

On appeal, the father argues the court erred in not considering his support obligation to his two additional children. Although application of the guidelines is mandatory, the trial judge has a certain amount of discretion, and an award of support will not be overturned absent a showing of abuse of that discretion. However, if the judge deviates significantly from the guidelines, he or she must specifically state the justification. S.C. Code Ann. § 20-7-852 (Supp. 1992) provides, in pertinent part:

> In any proceeding in which child support is in issue, the amount of the award which would result from the application of [the Child Support Guidelines] is the amount of the child support to be awarded. However, a different amount may be awarded upon a showing that application of the guidelines in a particular case would be unjust or inappropriate. . . .

Moreover, the child support regulations describe the criteria for deviation from the guidelines in S.C. Code Reg. § 114-4710(B) (Supp. 1992).[1] The regulations certainly do not require

---

[1] **B. Criteria for Deviation from Guidelines.** Any determination not to use the guidelines in a particular case should be the exception rather than the rule. Any written findings that rebut the guidelines must clearly state the nature and extent of the variation from the guidelines. These Child Support Guidelines do not take into account the economic impact of the following factors and [sic] can be possible reasons for deviation:

deviation from the Guidelines under these circumstances; however, they do allow family courts to consider support obligations for other dependents living with an obligor parent. In this case, the record indicates the court was unfamiliar with these regulations and considered strict application of the Guidelines mandatory. Accordingly, we reverse and remand so that the court may consider the father's additional children in determining support.[2]

Having reached this conclusion, we need not address the father's remaining issues.

Reversed and remanded.

SHAW and BELL, JJ., concur.

(1) Non-court ordered child support from another relationship;
(2) Educational expenses for the child(ren) or the spouse (i.e., those incurred for private, parochial, or trade schools, other secondary schools, or post-secondary education where there is tuition or costs beyond state/local tax contributions);
(3) Equitable distribution of property;
(4) Consumer debts;
(5) Families with more than six children;
(6) Unreimbursed extraordinary medical/dental expenses for the obligor parent;
(7) Mandatory deduction of retirement pensions and union fees;
(8) Support obligations for other dependents living with the obligor parent;
(9) Extraordinary medical expenses; and
(10) Monthly fixed payments imposed by court or operation of law.
S.C. Code Regs. 114-4710

[2] We do not comment on whether or not, or how much, the court should deviate from the Guidelines.