2320

Ronald W. PRICE, Appellant v.
Pamela G. OZMENT, f/k/a/ Pamela O. Price, Respondent.

(456 S.E. (2d) 427)

Court of Appeals

*J. Mark Taylor,* West Columbia, *for appellant.*

*Andrew G. Goodson,* of *Younts, Alford, Brown & Goodson,* Fountain Inn, *for respondent.*

Submitted Feb. 7, 1995.

Decided Mar. 27, 1995.

*Per Curiam:*

This is an appeal from a support action in which Ronald W. Price (the Father) unsuccessfully sought contribution to the support of the parties' three minor children from Pamela G. Ozment (the Mother), the noncustodial parent. We reverse and remand.

The parties divorced in July 1990, and the Mother received custody of the three children. However, in January 1993, the parties voluntarily entered into an agreement transferring custody to the Father. The issue of child support was held in abeyance. In February 1994, a hearing was held on the Father's request for child support from the Mother. The parties stipulated that if child support were ordered, the South Carolina Child Support Guidelines (the guidelines) called for the Mother to contribute $319.82 per month.

The family court declined to order the Mother to make child support payments. The Court concluded that the *initial decision* of whether to award child support was within its discretion, and that if it concluded an award was appropriate, the application of the guidelines was mandatory to determine the *amount* of such an award. The court found that a $319.82 per month contribution from the Mother (the amount stipulated to by the parties) would not have a significant effect on the standard of living enjoyed by the children, but that such an award would grossly affect the Mother's standard of living, given that the Father's income ($12,952.50 per month) far exceeded that of the Mother ($1,379.82 per month).

S.C. Code Ann. § 20-7-40 (1976) provides that a husband or wife chargeable with the support of his or her spouse and children "may be required to pay for their support a fair and reasonable sum according to his or her means." The Mother relies on this section, as well as pre-guidelines case law, as support for her position that the family court has the discretion to award or not award child support in any given action. According to the Mother, if the court determines that an award of support is appropriate, only then do the guidelines become applicable. We disagree.

S.C. Code Ann. § 20-7-852 (Supp. 1993) provides that:

> In *any proceeding* in which child support is an issue, the *amount of the award* which would result from the appli-

cation of [the guidelines] *is the amount of child support to be awarded.* However, a different amount may be awarded upon a showing that application of the guidelines in a particular case would be unjust or inappropriate. (Emphasis added.)

It is clear from this section that the guidelines are intended to govern all actions involving questions of child support. The family court does not have discretion in choosing whether or not the guidelines are applicable. However, the guidelines do not strip the court of all discretion. *See White v. Cook,* 312 S.C. 352, 440 S.E. (2d) 391 (Ct. App. 1994) (although application of the guidelines is mandatory, the trial judge retains a certain amount of discretion). The statute specifically provides that an amount other than that prescribed under the guidelines may be awarded. S.C. Code Ann. § 20-7-852. Moreover, the guidelines themselves list certain factors which may support a deviation from the guidelines amount. 27 S.C. Code Ann. Regs. 114-4710(B) (1992).[1] Thus, while the family court must apply the guidelines in every case involving child support, the court still has discretion when making the final award.

Because the family court mistakenly believed that it could choose not to award child support without reference to the guidelines, we reverse and remand this action for a determination of child support under the guidelines. While there may be reason justifying a fairly substantial deviation in this particular case, we note that, even in case where the combined monthly income of the parents in less than $600, the guidelines "encourage that a specific amount of child support always be ordered to established in the payor's mind the principle of the parent's obligation to pay as well as lay the basis for increased/decreased orders if income changes in the future." 27 S.C. Code Ann. Regs. 114-4710(A)(2).

At the hearing, the parties agreed to a method of calculating support due under the guidelines, and agreed that if support were awarded, it should be awarded in the amount of

---

[1] In fact, the guidelines as amended in 1994 include as a possible reason for deviation "[s]ubstantial disparity of income in which the noncustodial parent's income is significantly less than the custodial parent's income, thus making it financially impracticable to pay the amount the Guidelines indicate the noncustodial parent should pay." S.C. Register, Vol. 18, Issue 5 at 187 (May 27, 1994) (amending 27 S.C. Code Ann. Regs. 114-4710(B).

$319.82 per month. The parties also agreed that there were no reasons for deviation from that amount. However, we are uncertain of the extent to which the parties consider these agreements binding an appeal, given that the Father argues that the court should have awarded a reasonable amount of support if the court found the agreed-upon figure unacceptable. To the extent that the parties did agree to a specific amount of support, the family court on remand must review any such agreement to determine whether it is reasonable and in the best interest of the children. 27 S.C. Code Ann. Regs. 114-4710(D) (the court has an "independent duty" to review an agreement on amount of child support).

Accordingly, the order of the family court is hereby reversed, and the action is remanded for a determination of the proper amount of child support to be awarded.

HOWELL, C.J., and CURETON and CONNOR, JJ., concur.