THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Laura Brooks Foster,       
Appellant,
 
 
 

v.

 
 
 
William Heath Foster,       
Respondent.
 
 
 

Appeal From Spartanburg County
Georgia V. Anderson, Family Court Judge

Unpublished Opinion No. 2003-UP-431
Heard April 8, 2003  Filed June 24, 
 2003

AFFIRMED

 
 
 
Richard H. Rhodes, of Spartanburg, for Appellant.
William Jeffrey McGurk, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Laura Brooks Foster (Mother) 
 appeals the family courts order granting the parties joint custody of their 
 two minor children, with William Heath Foster (Father) acting as the primary 
 custodial parent.  She further asserts the family court erred in awarding Father 
 $7,000.00 in attorneys fees and costs.  We affirm.
FACTS/PROCEDURAL HISTORY
Mother and Father separated two years after the parties 
 married.  During the separation Mother engaged in an adulterous affair.  The 
 parties reconciled briefly, but permanently separated at Mothers request.  
 At the time of the separation, the parties had two minor children.  After permanently 
 separating from Father, Mother resumed her adulterous relationship.
Mother filed for divorce, seeking, among other things, 
 custody of the children.  Father counterclaimed, seeking a divorce on the ground 
 of adultery, child custody, and attorneys fees and costs.  The family court 
 temporarily granted the parties joint custody, with Mother acting as the primary 
 custodial parent.  Both parties were enjoined from exposing the children to 
 any paramours.  Six months later, the family court found Mother in willful contempt 
 of its temporary order for repeatedly exposing the children to her paramour.
At the final hearing, the parties admitted reacting 
 physically towards one another and being verbally abusive.  In addition, Mother 
 admitted continuing her adulterous relationship with her paramour throughout 
 the pendency of litigation.  Following the hearing, the family court awarded 
 Father a divorce on the ground of adultery.  The court further awarded the parties 
 joint custody of the children, with Father acting as the primary custodial parent.  
 The court also awarded Father child support and attorneys fees of $7,000.00.  
 Mother appeals.
LAW/ANALYSIS
I.       Child Custody
Mother argues the family court erred by not awarding 
 her custody of the children.  In the alternative, Mother argues the family court 
 erred by awarding the parties joint custody, with Father acting as the primary 
 custodial parent.  We disagree with both assertions.
When reviewing the factual determinations of the 
 family court, an appellate court may take its own view of the preponderance 
 of the evidence.  Scott v. Scott, Op. No. 25630 (S.C. Sup. Ct. filed 
 Apr. 14, 2003) (Shearouse Adv. Sh. No. 14 at 34, 39).  However, because the 
 family court sits in a better position to ascertain the witnesses demeanor 
 and veracity, this Court must afford its findings broad deference.  Id.  
 Moreover, this Court should be reluctant to substitute its own evaluation 
 of the evidence on child custody for that of the [family] court.  Id. 
 (quoting Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996)) 
 (alteration in Scott).  Specifically in cases involving child custody, 
 the controlling factor is the childs best interest.  Patel v. Patel, 
 347 S.C. 281, 285, 555 S.E.2d 386, 388 (2001).  In reviewing custody decisions, 
 we must view the evidence in light of the totality of the circumstances peculiar 
 to each case.  Paris v. Paris, 319 S.C. 308, 310, 460, S.E.2d 571, 572 
 (1995).  These peculiar circumstances constitute[] the only scale upon which 
 the ultimate decision can be weighed.  Id.
With respect to the issue of child custody, the family 
 court made several factual findings, including: 1) Wife openly defied a family 
 court order and was held in contempt; 2) Father and his family have developed 
 a close and loving relationship with the youngest child; 3) Father is better 
 able to handle the older child, while Mother complains the child is a brat, 
 a handful, and out of control; 4) Mother left children in daycare during months 
 in which she was not working and would not allow Father to take children out 
 of daycare on days when he was off from work; 5) Father got up at night with 
 the children, bathed them, put them to bed, washed their clothes, and cooked 
 for them; and 6) Father has the support of his extended family living in the 
 immediate area, while Mother does not.
Importantly the family court stated it was concerned 
 about [Mothers] acknowledged involvement with [her paramour] . . . because 
 of the negative impact that this may have on [the childrens] relationship with 
 [Father].  The court continued, [i]t also appears that [Mother] is emotionally 
 dependant on [her paramour].  She has placed her own interest and dependence 
 on [her paramour] before the best interests of her children.  Moreover, Mother 
 repeatedly exposed the children to her paramour and his family, including overnight 
 trips, family gatherings, and allows the children to refer to her paramour as 
 Daddy Scott and her paramours mother as Nana Linda.
Notwithstanding these numerous findings, which 
 are supported by evidence in the record, Mother has invited this [C]ourt to 
 exercise its equity powers and reverse the family courts order.  However, 
 we are reluctant to substitute [our] own evaluation of the evidence . . . 
 for that of the [family] court with respect to the best interests of the parties 
 minor children.  See Scott, Op. No. 25630 at 39 (quoting Woodall, 
 322 S.C. at 10, 471 S.E.2d at 157) (last alteration in Scott).  Moreover, 
 although we agree with the family court that neither party is a model parent, 
 having fully reviewed the record in light of the totality of the circumstances 
 peculiar to [this] case, we find the family court properly determined the issue 
 of custody.  See Paris, 319 S.C. at 310, 460, S.E.2d at 572.
II.      Attorneys Fees
Mother argues the family trial court erred by awarding 
 Father $7,000.00 in attorneys fees.  We deem this issue abandoned on appeal.
Mothers brief fails to cite any authority regarding 
 the family courts award of attorneys fees, or the appropriate standard this 
 Court should use in reviewing that award.  Thus, we deem this issue abandoned.  
 See  First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 
 513, 414 (1994) (holding where [a]ppellant fails to provide . . . supporting 
 authority for his assertion issue is deemed abandoned on appeal); Tirado 
 v. Tirado, 339 S.C. 649, 655, 530 S.E.2d 128, 131 (Ct. App. 2000) (holding 
 issues not supported by authority are deemed abandoned and will not be considered 
 on appeal).
CONCLUSION
For the foregoing reasons, the family courts order 
 is
AFFIRMED.
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.