THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT 
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Theresa Kaiser,       
Respondent,
 
 
 

v.

 
 
 
John Christopher Kaiser,       
Appellant.
 
 
 

Appeal From Beaufort County
Robert S. Armstrong, Family Court Judge

Memorandum Opinion No. 2005-MO-009
Heard January 6, 2005  Filed February 
 28, 2005

REVERSED AND REMANDED

 
 
 
H. Fred Kuhn, Jr., of Moss, Kuhn & Fleming, PA, and Peter L. Fuge, both 
 of Beaufort, for Appellant.
William Randall Phipps, of Phipps & Geis, PA, of Hilton Head Island, for 
 Respondent.
 
 
 

 JUSTICE WALLER:  This is a domestic case involving the custody 
 of a minor child.  The family court judge awarded custody of the child to the 
 mother and the father appeals.  We reverse and remand.
FACTS
Theresa (Mother) and John Kaiser (Father) were married 
 August 14, 1998. [1] The couples only child, Collin 
 Kaiser (Child), was born September 9, 1999.  Father owns a pest control business 
 on Hilton Head Island, and Mother did not work during the marriage after she 
 became pregnant with Child.  
The parties separated in May 2001 and on September 7, 2001, 
 the family court issued a Pendente Lite Order granting Wife $3,000 per month 
 alimony, possession of the marital home, and custody of Child.  In December 
 2001, Father moved to terminate the alimony on the ground that Mother had engaged 
 in adulterous conduct with two men after the commencement of this divorce action.   
 Mother admitted she had a sexual relationship with one of the men and alleged 
 she has a continuing platonic relationship with the other.  
On January 17, 2002, because of the admitted adultery, the 
 family court terminated Mothers alimony and ordered reimbursement of the previously 
 paid alimony.  The family court entered its final order on August 20, 2002, 
 and awarded Mother custody of Child. Father appeals. 
ISSUE

Did the family court err in granting custody of Child to 
 Mother?

DISCUSSION 
Father contends the family court erred in granting Mother 
 custody of Child.  We agree.  
Where a family court order is appealed, this Court has jurisdiction 
 to find facts based on its own view of the preponderance of the evidence. Patel 
 v. Patel, 359 S.C. 515,  522, 599 S.E.2d 114, 118  (2004).  The paramount 
 and controlling factor in every custody dispute is the best interest of the 
 child.  Hooper v. Rockwell, 334 S.C. 281, 513 S.E.2d 358 (1999).  In 
 determining the best interest of the child in a custody dispute, the family 
 court should consider several factors, including: who has been the primary caretaker; 
 the conduct, attributes, and fitness of the parents; the opinions of third parties 
 (including the guardian, expert witnesses, and the children); and the age, health, 
 and sex of the children.  Patel, 347 S.C. at 285, 555 S.E.2d at 388. 

Father contends the family court erred in awarding Mother 
 custody of Child.  Father summarizes his reasons Mother should not have been 
 awarded custody:  Mother 1)  has a history of substance abuse, 2) is an alcoholic, 
 3) is sexually promiscuous, 3) (sic) suffers from post-traumatic stress disorder, 
 4) has attempted suicide and threatened to commit suicide, 5) is a mother whose 
 selfish behavior has exposed her son to various men of questionable characters, 
 6) lied to the court, 7) has no respect for the Courts Orders, and 8)  moreover, 
 this is a mother who has no respect for herself or her son. 
 [2]   
Without a doubt, Mother has had some emotional and mental 
 problems. [3]   Prior to the parties 
 marriage, Mother attempted suicide and was hospitalized for one night at the 
 State Mental Hospital.  She was sexually abused as a child by her babysitters, 
 and her psychologist, Dr. Marion ONeill, has diagnosed her with post-traumatic 
 stress disorder (PTSD) caused by this abuse.  She also has been diagnosed with 
 a histrionics type personality. [4]   She is now a recovering alcoholic and regularly 
 attends AA.  
Both the Guardian ad Litem (GAL) and the court-appointed 
 psychologist, Dr. David Brandt, recommended that Father be awarded custody. 
 [5] The GAL was concerned about Mothers relationships 
 with men and that if Mother was given custody she would likely limit contact 
 with [Father] rather than seeking to expand such contact and thus he recommended 
 Father be granted custody.  The GAL noted that Mother had a post-separation 
 sexual affair with Bruce Pitkin, the investigator working on this case.  Mother 
 admitted to this relationship.  Additionally, there were allegations that Mother 
 had a sexual relationship with Eddie Bergeron, whom she met at an AA meeting.  
 Bergeron and Mother deny their relationship has been sexual.  However, as the 
 GAL noted Mother and Bergeron have taken overnight trips and spent the night 
 together under circumstances strongly suggesting an ongoing and romantic and 
 sexual relationship.  Further, Bergeron acknowledges having romantic feelings 
 for Mother. Mother acknowledges that both men have been in the Childs presence. 

Dr. Brandt found the custody issue a close call, but he 
 eventually recommended Father be given custody because he believed Father would 
 be more likely to share Child with Mother.  Additionally, he was very concerned 
 with Mothers exposure of Child to her paramours.  Dr. Brandt was concerned 
 about Childs potential sense of loss when Mother stopped seeing the men.  
The family court rejected the GAL's and Dr. Brandts recommendations.  
 We recognize that rather than merely adopting the recommendation of the GAL 
 or psychologist, the court, by its own review of all the evidence, should consider 
 the character, fitness, attitude, and inclinations on the part of each parent 
 as they impact the child as well as all psychological, physical, environmental, 
 spiritual, educational, medical, family, emotional and recreational aspects 
 of the child's life. See Woodall v. Woodall, 322 S.C. 7, 11, 471 
 S.E.2d 154, 157 (1996). The role of the GAL and psychologist in making custody 
 recommendations is to aid, not direct, the court.  Ultimately, the custody decision 
 lies with the trial judge. See Shainwald v. Shainwald, 302 S.C. 
 453, 395 S.E.2d 441 (Ct.App.1990) (GAL does not usurp judge's function). 
 Here, the family court judge specifically stated that he 
 placed the greatest of weight upon Mother being the primary caretaker of the 
 child from birth. Although the family court judge recited that he had considered 
 the character, fitness, attitudes and inclinations on the part of each parent 
 as they impact the child and reviewed the expert witness reports, he does not 
 explain why he rejects the opinions of the GAL and psychologist.  It is apparent 
 the family court judge placed all the weight on who was the primary caretaker.  
 The family court judge found Wifes conduct with her paramour to be inappropriate 
 and not in the best interests of the child. Yet, he did not address this or 
 consider Mothers instability and continuing inappropriate behavior when he 
 awarded custody of Child.
We have reviewed the record and determine that it is in 
 the best interest of the Child for custody to be given to Father. The custody 
 decision here essentially turned on the single factor of Mother having been 
 the primary caretaker of the Child to the exclusion of the rest of the evidence 
 in the record.  Mother has demonstrated her continuing instability and inappropriate 
 behavior through her relationships with various men and the impact on the Child 
 cannot be overlooked.  We agree with the GAL and Dr. Brandt that Father should 
 be given custody of Child.  Accordingly, we reverse and remand for the family 
 court to award custody to Father and establish visitation for Mother.
REVERSED AND REMANDED.
TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

 
 [1] Father has two children from his first marriage 
 who live with their mother.  

 
 [2] Mother repeatedly states in her brief that several 
 issues are not properly before the Court.  Specifically, she alleges that 
 Father has failed to set forth these issues in his statement of the issue 
 on appeal pursuant to Rule 208 (b)(1), SCACR.  We disagree.  Father alleges 
 the family court abused its discretion for numerous reasons which are clearly 
 encompassed by the broader issue on appeal of whether the family court erred 
 in awarding Mother custody. See Henson v. Inatl Paper Co., 
 358 S.C. 133, 142, 594 S.E.2d 499, 503 (Ct. App. 2004) (distinguishing case 
 where appellant challenged two separate rulings made by trial court).  

 
 [3] We recognize Father also has engaged in some questionable 
 behavior.  However, most of this behavior was prior to the birth of Child.

 
 [4] A histrionic personality is characterized by inappropriate 
 sexual behavior and the need to be the center of attention.  

 
 [5] The GAL issued two reports and in both he recommended 
 that Father be given custody of Child.