679 S.E.2d 172

**John J. McCROSSON, Respondent,**

v.

**Kimberly Paige TANENBAUM, Petitioner.**

**No. 26666.**

Supreme Court of South Carolina.

Heard May 12, 2009.

Decided June 15, 2009.

Rehearing Denied July 23, 2009.

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, of Columbia, Marie–Louise Ramsdale, of Mt. Pleasant, and Susan T. Kinard and W. Robert Kinard, both of Kinard and Kinard, of Mt. Pleasant, for Petitioner.

Donald B. Clark, of Charleston, and Mark O. Andrews, of Andrews & Shull, of Mt. Pleasant, for Respondent.

PER CURIAM:

We granted a writ of certiorari to review the court of appeals' decision in *McCrosson v. Tanenbaum*, 375 S.C. 225,

652 S.E.2d 73 (Ct.App.2007). We affirm the court of appeals decision. However, we vacate the following sentence from the court of appeals' opinion:

> While the family court is generally in the better position to determine a party's credibility, where there are numerous confirmed instances of a party's dishonesty, as there are here, we believe a reviewing court may have the advantage because it can consider the facts of a case without being distracted by an emotionally charged trial.

*McCrosson*, 375 S.C. at 242, 652 S.E.2d at 82. Although we affirm the court of appeals' decision on the merits, we vacate the sentence above because it improperly implies that the family court was "distracted by an emotionally charged trial" and could be read to alter the well-established standard of review applicable to an appellate court's review of a family court's child custody determination.[1]

TOAL, C.J., WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.

---

1. When reviewing a decision of the family court, an appellate court may find the facts in accordance with its own view of the preponderance of the evidence. *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006). The standard of review applicable to an appellate court's review of a family court order does not require that court to completely disregard the findings of the family court. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005). However, although the standard of review in such cases is broad, an appellate court should be reluctant to substitute its own judgment for that of the family court. *Woodall v. Woodall*, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).