THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kevin H. Bragg, Appellant,
 
 
 

v.

 
 
 
 Morgan C. Bragg, Respondent.
 
 
 

Appeal From Laurens County
 Joseph W. McGowan, III, Family Court
Judge

Unpublished Opinion No.  2011-UP-426  
 Heard September 13, 2011  Filed September
21, 2011

AFFIRMED

 
 
 
 H. Michael Spivey, of Greenville, for
 Appellant.
 Matthew P. Turner, of Laurens, for
 Respondent.
 
 
 

PER CURIAM:  Kevin
 Bragg appeals the family court's order declining to grant him custody of his
 child.  We affirm pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:  Davis v. Davis,
 356 S.C. 132, 135, 588 S.E.2d 102, 103-04 (2003) (stating the controlling
 considerations in child custody cases are the welfare of the children and what
 is in their best interest); Woodall v. Woodall, 322 S.C. 7, 11, 471 S.E.2d
 154, 157 (1996) (providing that in making its determination on custody, the
 family court should consider the character, fitness, attitude, and inclinations
 on the part of each parent as they impact the children, as well as the
 psychological, physical, environmental, spiritual, educational, medical,
 family, emotional and recreational aspects of the children's lives); id. ("[A]ll the conflicting rules and presumptions should be weighed together
 with all of the circumstances of the particular case, and all relevant factors
 must be taken into consideration."); Latimer v. Farmer, 360 S.C.
 375, 381, 602 S.E.2d 32, 35 (2004) ("Because the best interest of the
 child is the overriding concern in all child custody matters, when a
 non-custodial parent seeks a change in custody, the non-custodial parent must
 establish the following: (1) there has been a substantial change in
 circumstances affecting the welfare of the child and (2) a change in custody is
 in the overall best interests of the child."); id. ("The
 change of circumstances relied on for a change of custody must be such as would
 substantially affect the interest and welfare of the child."); id. (holding
 the parent seeking a change of custody bears the burden of establishing both of
 the criteria); Chastain v. Chastain,
 381 S.C. 295, 302, 672 S.E.2d 108, 111 (Ct. App. 2009) (quoting Woodall v.
 Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996)) (declaring that although
 our review is de novo, "an appellate court 'should be reluctant to
 substitute its own evaluation of the evidence on child custody for that of the
 [family] court.'").

AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.