**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Kevin William Morris, Respondent,

v.

Brittani Leigh Miers Morris, Appellant.

Appellate Case No. 2014-000027

Appeal From Greenville County
Alvin D. Johnson, Family Court Judge

Unpublished Opinion No. 2015-UP-278
Submitted May 1, 2015 – Filed June 10, 2015

**AFFIRMED**

H. Michael Spivey, of The Spivey Law Group, LLC, of Mauldin, for Appellant.

David Alan Wilson, of The Law Offices of David A. Wilson, LLC, and Christine Marie Howard, of Law Office of Christine M. Howard, both of Greenville, for Respondent.

Elizabeth Martin-Young, of Greenville, Guardian ad Litem.

**PER CURIAM:**  In this child custody action, Brittani Morris (Mother) appeals the order of the family court awarding custody of her son (Child) to his father, Kevin Morris (Father).  Mother argues the family court erred in (1) disregarding precedent, (2) granting custody to Father when it was not in Child's best interest and finding Father's location of residence was a better place for Child to live, (3) not following proper procedures during trial in prompting counsel to object, (4) prohibiting further cross-examination and preventing impeachment of multiple witnesses, (5) permitting witnesses to testify and admitting certain exhibits into evidence without timely notice, (6) transferring jurisdiction to a Georgia family court, and (7) requiring her to exercise visitation in Georgia.  We affirm.

1.  The family court properly addressed the precedent Mother asserted was applicable.  *See Moeller v. Moeller*, 394 S.C. 365, 374, 714 S.E.2d 898, 903 (Ct. App. 2011) (stating separation of siblings is a *factor* in determining custody); *id.* at 367-69, 373, 714 S.E.2d at 899-900, 902 (noting evidence showed siblings lived together full-time for multiple years and were significantly attached to each other); *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) (holding the paramount factor in custody disputes is the best interest of the child); *Altman v. Griffith*, 372 S.C. 388, 403, 642 S.E.2d 619, 627 (Ct. App. 2007) (holding no single factor controls in custody disputes and the family court considers the totality of the circumstances in determining custody).

2.  The family court did not err in finding it was in Child's best interest to grant custody to Father.  *See Shirley v. Shirley*, 342 S.C. 324, 329-30, 536 S.E.2d 427, 429-30 (Ct. App. 2000) (noting while this court has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence, child custody decisions are matters left largely to the discretion of the family court); *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011) (stating the family court's findings should be given broad discretion because it is in a superior position to judge witness demeanor and veracity); *id.* at 392, 709 S.E.2d at 655 (holding an appellate court will affirm the family court's findings unless the appellant establishes the preponderance of the evidence is against the finding of the family court); *Ford v. Ford*, 242 S.C. 344, 349, 130 S.E.2d 916, 920 (1963) (stating the controlling considerations in child custody cases are the best interests and welfare of the children); *Woodall v. Woodall*, 322 S.C. 7, 11, 471 S.E.2d 154, 157 (1996) (noting a family court "must consider the character, fitness, attitude, and inclinations on the part of each parent as they impact the child" as well as the

"psychological, physical, environmental, spiritual, educational, medical, family, emotional and recreational aspects of the child's life").

3.  All of Mother's remaining issues are abandoned or unpreserved.  *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) (holding an issue is deemed abandoned and will not be considered on appeal if the argument in the brief is unsupported by authority); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (holding short conclusory statements unsupported by authority are abandoned on appeal and not presented for review); *Butler v. Butler*, 385 S.C. 328, 343, 684 S.E.2d 191, 198-99 (Ct. App. 2009) (finding appellant abandoned certain issues when he "cited no statute, rule, or case in support of [his] arguments in either his argument section or his 'Background Legal Principles' section" of his brief); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (stating for an issue to be preserved for appellate review it "must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity"); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.