**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fiza Jatoi, Respondent/Appellant,

v.

Ismail Jatoi, Appellant/Respondent.

Appellate Case No. 2011-182986

---

Appeal From Richland County
Dana A. Morris, Family Court Judge

---

Unpublished Opinion No. 2016-UP-272
Submitted February 1, 2016 – Filed June 8, 2016

---

**AFFIRMED AS MODIFIED**

---

J. Michael Taylor, of Taylor/Potterfield, of Columbia, for Appellant.

John Calvin Bradley, Jr., and William Benito Fortino, both of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent.

---

**PER CURIAM:** Ismail Jatoi (Husband) appeals a divorce decree and custody order, raising the following arguments: (1) the family court erroneously exercised jurisdiction over issues concerning the parties' seven children; (2) the family court

erred in awarding Fiza Jatoi (Wife) primary custody of six of the children; (3) the family court determined child support without giving proper consideration to the South Carolina Child Support Guidelines, Wife's education, and Wife's duty to contribute to uncovered medical expenses; (4) the provisions governing his visitation with the children were unduly restrictive in terms of the advance notice he was required to give Wife and the opportunities for him to visit or interact with the children; (5) the family court erred in allowing Wife to make the final decision on matters concerning the children on which the parties could not agree; and (6) the family court failed to make the necessary findings to support its award of attorney's fees to Wife and unfairly required Husband to pay most of outstanding balance of the fees of the guardian ad litem. We affirm as modified.[1]

1.      Husband bases his argument that the family court lacked jurisdiction to decide issues concerning the parties' children on his position that he was a nonresident of South Carolina and has done nothing to avail himself of the privilege of conducting activities within the State. We disagree with Husband's assertion that his lack of contacts with this State barred the family court from hearing these issues.

The family court agreed with Husband that he lacked sufficient minimum contacts with the State of South Carolina for the court to decide Wife's claims for alimony, apportionment of marital assets, and an order restraining Husband from selling, encumbering, or otherwise disposing of certain assets. However, the family court found it had jurisdiction over not only the parties' divorce, but also child custody and visitation, as well as costs and attorney's fees associated with those causes of action. We agree with the family court's exercise of jurisdiction over these issues. Husband does not specifically dispute the findings that the children resided with Wife in Columbia, South Carolina, for about sixteen months before this action was filed and that Husband and Wife mutually agreed to this living arrangement. These findings are sufficient to uphold the family court's conclusion that it had subject matter jurisdiction to issue a custody order and personal jurisdiction over Husband to order him to pay child support. *See* S.C. Code Ann. § 63-15-302(7) (2010) (defining "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding"); S.C. Code Ann. § 63-15-330(A)(1) (2010) (authorizing a South Carolina court to make an initial child custody determination if South

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Carolina is the home state of the child on the date of the commencement of the proceeding); S.C. Code Ann. § 63-17-3010(A)(1) and (5) (2010 & Supp. 2015) (allowing a South Carolina tribunal to exercise personal jurisdiction over a nonresident individual in a proceeding to establish a support order if the individual is personally served with notice and a summons within the State or the child resides in the State as result of the acts of the individual); S.C. Code Ann. § 63-17-3330(B) (2010 & Supp. 2015) (allowing a responding tribunal, in an action under the Uniform Interstate Family Support Act, to assess reasonable attorney's fees and other costs incurred by the obligee against the obligor).

2.      Husband challenges the family court's decision to grant Wife primary custody of six of the parties' seven children, arguing the court placed undue emphasis on the information provided by the psychologist who performed evaluations of the parties and failed to give proper consideration to actions and decisions by Wife that could have adversely affected the children or resulted in alienating them from him.  We, however, see no reason to disregard the family court's assessment of the evidence relevant to the issue of custody.  *See Woodall v. Woodall*, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996) ("[T]he appellate court should be reluctant to substitute its own evaluation of the evidence on child custody for that of the trial court."); *McComb v. Conard*, 394 S.C. 416, 422, 715 S.E.2d 662, 664-65 (Ct. App. 2011) ("The appellate court generally defers to the factual findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor.").

3.      Husband further argues the family court abused its discretion in determining his child support obligation.  Specifically, he takes issue with (1) the family court's decision to "extrapolate" the South Carolina Child Support Guidelines in two directions because the number of children involved and the combined income imputed to the parties both exceeded the maximum parameters covered by the Guidelines, (2) the family court's decision to impute only minimum wage income to Wife despite her level of education, and (3) the family court's directive that Wife pay three percent of the children's medical expenses that are not covered by medical insurance.  We find no abuse of discretion.

Currently, under S.C. Code Ann. Regs. 114-4710.A.3 (Supp. 2015), for situations in which the combined parental gross income is higher than $30,000.00 per month,

the family court should determine child support awards on a case-by-case basis.[2] *See Patel v. Patel*, 359 S.C. 515, 532, 599 S.E.2d 114, 123 (2004) ("In cases where the parents' combined income exceeds the highest amount contemplated by the Guidelines, courts are to decide the issue of amount on a case-by-case basis."). The family court, however, is not specifically precluded from using the Guidelines as a starting point on which to base the final award. *See id.* (stating a child support award is a matter of discretion for the family court). Although under S.C. Code Ann. Regs. 114-4710.B.4, a family with more than six children is a possible reason to deviate from the Child Support Guidelines, Husband did not specifically argue to either the family court or to this court that the family court, pursuant to this regulation, needed to make "written findings that clearly state the nature and extent of the variation from the guidelines" because of the number of children involved.

We further find the family court did not abuse its discretion in imputing only minimum wage income to Wife. Despite her advanced degree, Wife has not worked in many years. Furthermore, as the family court noted, at the time the appealed order was issued, four of the children in her care would require either daycare or after-school care, the cost of which was not incorporated in the child support calculation.

Husband further appeals the requirement in the final order that Wife pay only three percent of the children's uncovered medical expenses, arguing such a small contribution could eliminate any incentive for Wife to curb such expenses. We find no abuse of discretion. First, consistent with the Guidelines, the family court required Wife to pay the first $250.00 each year in uncovered medical expenses incurred by each child. *See* S.C. Code Ann. Regs. 114-4720.A.12 (2012 & Supp. 2015) ("The guidelines are based on the assumption that the parent to whom

---

[2] The trial in this case took place in 2013, at which time the Guidelines provided calculated amounts of child support for a combined parental gross income of up to $20,000.00 per month. S.C. Code Ann. Regs. 114-4710.A.3 (2012). This threshold amount is correctly noted in the family court's initial final order, which was issued in January 2014. Effective March 28, 2014, the Guidelines "provide for calculated amounts of child support for a combined parental gross income of up to $30,000 per month . . . ." S.C Code Ann. Regs. 114-4710.A.3 (Supp. 2015). The family court noted the revised threshold amount in its amended order, which was issued in June 2014. In any event, Husband's income alone, which the family court found to be $37,398.67, exceeded the higher threshold amount.

support is owed will be responsible for up to $250.00 per year per child in uninsured medical expenses.").  Furthermore, the percentage of Wife's contributions to these expenses was based on the family court's decision to impute minimum wage income of $1,257.00 per month to Wife, the unappealed finding that Husband's monthly gross income was $37,398.67, and the mandate in the Guidelines that "[r]easonable and necessary unreimbursed medical expenses in excess of this $250 per child per year shall be divided in pro rata percentages based on the proportional share of combined monthly adjusted gross income."  *Id.*  Finally, for the benefit of both parties, we emphasize that the Guidelines address only the payment of the children's reasonable and necessary medical expenses that are not covered by insurance.[3]

4.      Husband argues the family court's requirement that he give Wife six months' advance notice of the weekends he plans to have the children during the school year is unduly oppressive to him because his work schedule is not available until the month before.  Although the family court allowed him to alter any of his scheduled weekend visitations on thirty days' notice, he argues this is not feasible because he would be required to notify Wife immediately upon receiving his work schedule.  Husband also argues he should have been granted more visitation with the children during the holiday season as well as longer and more frequent Skype sessions with the children.

We agree with Husband that the requirement that he give Wife six months' advance notice of any weekends during the school year that he desires visitation with the children is unduly burdensome to him.  Wife presents no argument regarding this notice requirement and asserts only (1) that the thirty-day notice requirement is a necessity because she must make certain her schedule and the schedules of six children, who she claims are active in church and school, allow for such a visit; and (2) Husband has visited in the past without adequate transportation or lodging for the children.  However, Wife, by her own admission, does not work outside the home, and we found no specific evidence in the record of any extracurricular

_____

[3] Husband points out the appealed order first states his monthly child support obligation as $5,532.36 and then later states he is to pay $5,539.94 per month. Wife does not respond to Husband's assertion that there is an inconsistency within the order; therefore, we hold that Husband's monthly support obligation is the lower amount.  *Cf.* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

activities in which any of the children are involved that would necessitate thirty days' notice.[4]  As to Wife's concern about transportation and accommodations, Husband states in his brief that he would be able to arrange transportation for them, and the guardian ad litem suggested Husband visit the children in Columbia over a weekend at locales where he could take them for short periods in smaller groups, thus enabling him to engage in age-appropriate activities with them.  We therefore modify the visitation provisions to require that Husband give Wife fourteen days' notice of any weekends during the school year that he intends to exercise visitation with the children.

We are mindful of Husband's concerns regarding extended visitation with the children during the holidays and opportunities for Skyping sessions.  Because, however, the guardian ad litem recommended that any order be specific in its details and leave nothing for negotiation between the parties, we find it preferable that the family court determine the specifics of any such request.  Accordingly, we decline to alter the provisions regarding holiday visitation or Skyping sessions and leave it to the parties to apply to the family court should either request relief concerning these matters.

5.      The family court required both parties to consult each other on major issues concerning the children; however, the court authorized the parent with primary custody to make any final decisions on matters in which the parties could not agree.  Husband takes issue with this provision, arguing he is better qualified to make decisions regarding the children because he is a medical doctor and Wife has exhibited erratic behavior and made poor decisions regarding the children.  We hold that Husband's medical training and his allegations about Wife's parenting deficiencies are insufficient reasons to deviate from the general rule that "[u]nless otherwise stated by agreement of the parties or order of the family court, the power to make final decisions for children is necessarily vested in the custodial parent." *Spreeuw v. Barker*, 385 S.C. 45, 58, 682 S.E.2d 843, 849 (Ct. App. 2009).

---

[4] We note the guardian ad litem reported an incident in which Husband made a last minute trip to Columbia during the weekend of the Super Bowl and desired visitation with the children, Wife refused his request, claiming they "had plans" that turned out to be shopping for snacks and watching the game.

6.      Husband challenges the award of attorney's fees to Wife, arguing the family court overemphasized his income in determining the award and failed to make findings of fact regarding the other factors in *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991), in particular, Wife's counsel's hourly rate and the actual number of hours billed.  Husband also takes issue with the family court's directive that he be responsible for most of the fees of the guardian ad litem that had not been discharged when the case was concluded.  We find no abuse of discretion in these awards.  *See Patel*, 359 S.C. at 533, 599 S.E.2d at 123 ("An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion."); *Nasser-Moghaddassi v. Moghaddassi*, 364 S.C. 182, 196, 612 S.E.2d 707, 714 (Ct. App. 2005) ("An award of GAL fees lies within the sound discretion of the family court judge and will not be disturbed on appeal absent an abuse of that discretion."). Here, the family court discussed the parties' respective financial situations, whether they received beneficial results, the presence of complex elements in the case, the full litigation by both parties, the standing of counsel, and the family court's finding that the time devoted to the case by counsel was warranted.  In addition, the record included attorney's fees affidavits and cost itemizations.  Therefore, we hold the family court, contrary to Husband's assertions, made the sufficient findings to support the award of attorney's fees to Wife and the decision to require Husband to be responsible for most of the outstanding fees of the guardian ad litem.

**AFFIRMED AS MODIFIED.**

**SHORT and THOMAS, JJ., and FEW, A.J., concur.**