531 S.E.2d 297

**John F. PAPARELLA, Jr., Appellant,**

v.

**Ami S. PAPARELLA, Respondent.**

**No. 3162.**

Court of Appeals of South Carolina.

Heard March 7, 2000.

Decided April 17, 2000.

Rehearing Denied July 8, 2000.

J. Michael Taylor, of Golden, Taylor & Potterfield, of Columbia, for appellant.

John M. Hunter, Jr., of Bodenheimer, Busbee, Hunter & Griffith, of Aiken, for respondent.

Guardian ad Litem: James L. Verenes, of Fox & Verenes, of Aiken.

PER CURIAM:

In this family court action, John F. Paparella, Jr. (father) appeals an order awarding sole custody of the parties' three children to Ami Paparella (mother). The father also appeals the visitation award. We affirm as modified.

The father and mother were married in September 1992 and separated in May 1996. The father filed a complaint seeking custody of the parties' three minor children and child support. The mother filed a separate complaint requesting a divorce on the basis of one year's continuous separation. The father, in turn, counterclaimed for a divorce based on the mother's alleged adultery and prayed for merger of the divorce and custody actions. The family court consolidated the actions. The court awarded the mother a divorce and sole custody of the children and granted the father visitation to include every other weekend, one week at Christmas, two two-week periods in the summer, and alternating holidays.

## I. Custody

The father argues the family court erred in granting custody of the minor children to the mother. We disagree.

The paramount and controlling factor in every custody dispute is the best interests of the child. *Hooper v. Rockwell*, 334 S.C. 281, 513 S.E.2d 358 (1999). Although this court may find facts in accordance with our own view of the preponderance of the evidence, we are not required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *See Woodall v. Woodall*, 322 S.C. 7, 471 S.E.2d 154 (1996). In particular, an appellate court "should be reluctant to substitute its own evaluation of the evidence on child custody for that of the trial court." *Id.* at 10, 471 S.E.2d at 157. Our broad scope of review does not relieve appellant of his burden to convince this court the family court erred in its factual findings and conclusions. *See Skinner v. King*, 272 S.C. 520, 252 S.E.2d 891 (1979).

In determining custody, the family court "must consider the character, fitness, attitude, and inclinations on the part of each parent as they impact the child[ren]." *Woodall*, 322 S.C. at 11, 471 S.E.2d at 157. Because all relevant factors must be taken into consideration, the court should also review the "psychological, physical, environmental, spiritual, educational, medical, family, emotional and recreational aspects" of each child's life. *Id.* In other words, the totality of circumstances unique to each particular case "constitutes the only scale upon which the ultimate decision can be weighed." *Parris v. Parris*, 319 S.C. 308, 310, 460 S.E.2d 571, 572 (1995).

First, the father contends the family court improperly ignored evidence that the mother involved the parties' children with her paramour. This argument is without merit. The family court found that the mother's affair did not have any adverse effect on the children. The court determined the affair occurred over one year after the parties' separation and involved only one or two overnight stays while the children were gone. While the father asserts error in the trial court's finding, he points to no evidence in the record to contradict it. We therefore agree that the father has failed to show any

deleterious effect on the children stemming from the mother's admitted affair. *See Davenport v. Davenport,* 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975) ("The morality of a parent is a proper factor for consideration but is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child. Custody of a child is not granted a party as a reward or withheld as a punishment.").

Second, the father claims the court misunderstood the testimony and recommendations of the expert witnesses. In effect, the father argues the trial court erred in accepting the testimony of the mother's expert witnesses over his own witnesses' testimony. The family court heard testimony from the father's experts that the father should be awarded custody and testimony from the mother's experts that she should be awarded custody. Given the conflicting testimony of the experts presented, we cannot say that the family court erred. *See, e.g., Woodall,* 322 S.C. at 10, 471 S.E.2d at 157 (appellate courts should be reluctant to supplant trial court's evaluation of witness credibility regarding child custody).

Third, the father also claims the family court ignored significant safety issues regarding the children. The father introduced a videotape, composed of various bits of film footage shot by the mother at home, which he maintains is evidence of the mother's lack of concern for the children's welfare. The trial court viewed the videotape and found nothing to suggest the mother had abused or neglected the children. In particular, the court noted that more than eighteen months had passed since the parties separated with no indication whatsoever that the mother was unfit or neglectful in caring for the children. We have viewed the videotape and, while portions do cause some concern, we agree the mother's actions do not rise to the level of neglect or unfitness.

Finally, the father argues the family court erred in failing to consider his fitness as a parent in making the custody determination. The trial court did not find the father was an unfit parent. To the contrary, we agree the evidence in the record clearly indicates the father is a concerned, loving parent. The question before us, however, is whether the trial court abused its discretion in awarding custody to the mother. Because the family court considered the totality of circumstances in deter-

mining the custody arrangement best suited to the needs of the children, including the emotional and physical fitness of both parents, safety considerations, and particularly the recommendation of the guardian ad litem, we find no abuse of discretion in the court's decision.

## II. Visitation

The father claims the family court erred in restricting his visitation to alternate weekends, one week at Christmas, four weeks in the summer, and alternating holidays. We agree that the father's visitation should be expanded.

As with child custody, the welfare and best interests of the child are the primary considerations in determining visitation. *Id.* at 12, 471 S.E.2d at 158. Similarly, visitation is addressed to the broad discretion of the family court and its decision will not be disturbed on appeal absent abuse. *Id.*

The father was awarded visitation with the children every other weekend, beginning on Friday at 6 p.m. and ending on Sunday at 6 p.m. The father does not think this is enough. In fact, the mother admitted during trial that she thought the father should be awarded more visitation than this. It is clear from the record that the father was involved in raising his children and in their day-to-day activities. While the parties were married, they worked as pharmacists at the same drugstore. They were able to arrange their schedules so that one parent was home with the children while the other parent was at work, thus eliminating the need for the children to be in daycare.

Under the circumstances, we agree with father that he should be allowed more visitation with the children. Pursuant to the family court order, the father's visits are twelve days apart. Therefore, we modify the visitation schedule to provide as follows: during the school year, the father will have the children every other weekend, beginning after school on Friday and ending when they return to school Monday morning. Then on the Thursday preceding the weekend when the father does not have visitation, the father will have the children after school until they return to school Friday morning. Also on the Tuesday following the weekend when he does not have visitation, the father will have them after school until they

return to school Wednesday morning. This will permit the father to see his children more often.

The father's summer visitation is expanded so that he has the children half of the children's summer vacation. We encourage the parties to work out the details—considering each of their schedules as well as the children's schedules. In the event that they are unable to work out the details, they can petition the family court to order the specifics of the arrangement.

Furthermore, we encourage the parties to consider permitting the parent not in physical custody to have the children when the other parent is working, rather than leaving the children at daycare or with a babysitter.

**AFFIRMED AS MODIFIED.**

HEARN, C.J., STILWELL, J., and MOREHEAD, Acting Judge, concur.