THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ronald D. Stroman,       
Respondent,
 
 
 

v.

 
 
 
Janie Robinson,       
Appellant.
 
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2005-UP-005
Submitted December 1, 2004  Filed January 
 7, 2005 

AFFIRMED

 
 
 
Janie Robinson, of Orangeburg, for Appellant, pro se.
Ronald Dewey Stroman, Sr., of Orangeburg, for Respondent.
 
 
 

PER CURIAM:  Janie Robinson appeals from 
 a family court order modifying a previous visitation order and holding her in 
 contempt for failing to allow Ronald D. Stroman visitation with the parties 
 child.  We affirm [1] pursuant 
 to Rule 220(b), SCACR and the following authorities:  S.C. Code Ann. § 20-7-420(36) 
 (Supp. 2003) (granting the family court jurisdiction to issue orders compelling 
 investigation by the Department of Social Services); Rule 208(b)(1)(B) (The 
 statement [of issues on appeal] shall be concise and direct as to each issue 
 . . . .  Broad general statements may be disregarded by the appellate court. 
 Ordinarily, no point will be considered which is not set forth in the statement 
 of the issues on appeal.); Rule 208(b)(1)(D) (At the head of each part, the 
 particular issue to be addressed shall be set forth in distinctive type, followed 
 by discussion and citations of authority.); Rule 208(b)(4) (The brief shall 
 contain references to the transcript, pleadings, orders, exhibits, or other 
 materials which may be properly included in the Record on Appeal [see Rule 210(c)] 
 to support the salient facts alleged.);  State v. Burton, 356 S.C. 
 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) (A pro se litigant who knowingly 
 elects to represent himself assumes full responsibility for complying with substantive 
 and procedural requirements of the law.); Pirayesh v. Pirayesh,  
 359 S.C. 284, 299, 596 S.E.2d 505, 513 (Ct. App. 2004) (applying the best 
 interest of the child standard when considering a parents ability to travel 
 with his or her children); Paparella v. Paparella, 340 S.C. 186, 191, 
 531 S.E.2d 297, 300 (Ct. App. 2000) (As with child custody, the welfare 
 and best interests of the child are the primary considerations in determining 
 visitation.  Similarly, visitation is addressed to the broad discretion of the 
 family court and its decision will not be disturbed on appeal absent abuse.).  

AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.