THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Heather J. Blalock, Respondent,
 
 
 

v.

 
 
 
 Michael Blalock, Appellant.
 
 
 

Appeal From Dorchester County
Anne G. Jones, Family Court Judge

Unpublished Opinion No. 2011-UP-509
 Submitted November 1, 2011  Filed
November 28, 2011

AFFIRMED

 
 
 
 H. Stanley Feldman, of Charleston, for
 Appellant.
 Heather J. Blalock, pro se, of Charleston.
 
 
 

PER CURIAM:  Michael Blalock (Husband) appeals from the family court's divorce decree
 awarding full custody of parties' minor children to Heather J. Blalock (Wife),
 arguing the family court (1) abused its discretion in failing to consider Wife's
 promiscuity when granting her primary custody of the children and (2) erred in denying
Husband's motion for a continuance.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the family court
 abused its discretion in failing to consider Wife's promiscuity when granting
 her primary custody of the children: Simmons v. Simmons, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667
 (2011) ("In appeals from the family court, this Court reviews factual and
 legal issues de novo."); Paparella v. Paparella, 340 S.C.
 186, 189, 531 S.E.2d 297, 299 (Ct. App. 2000) ("The paramount and
 controlling factor in every custody dispute is the best interests of the
 child.  Although this court may find facts in accordance with our own view of
 the preponderance of the evidence, we are not required to ignore the fact that
 the [family court, which] saw and heard the witnesses, was in a better position
 to evaluate their credibility and assign comparative weight to their
 testimony.  In particular, an appellate court should be reluctant to substitute
 its own evaluation of the evidence on child custody for that of the [family] court."
 (citations and internal quotation marks omitted)); Chastain v. Chastain, 381
 S.C. 295, 302, 672 S.E.2d 108, 112 (Ct. App. 2009) ("A parent's
 morality, while a proper consideration in custody disputes, is limited in its
 force and effect to the relevance it has, either directly or indirectly, on the
 welfare of the child.  Thus, conduct that is immoral must also be shown to be
 detrimental to the welfare of a child before it is of legal significance in a custody
 dispute." (citations omitted)).
2.  As to whether the family court
 erred in denying Husband's motion for a continuance: Bridwell v. Bridwell, 279
 S.C. 111, 112, 302 S.E.2d 856, 858 (1983) ("Motions for continuance
 are discretionary with the [family court], and we will not disturb [its] ruling
 on appeal absent an abuse of that discretion."); State v. Irick,
 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of
 discretion arises from an error of law or a factual conclusion that is without
 evidentiary support.");  State v. Preslar, 364 S.C. 466, 473, 613 S.E.2d 381, 385 (Ct. App. 2005)
 ("In order for an error to warrant reversal, the error must result
 in prejudice to the appellant.")
 
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.