**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence E. Adamson, Respondent,

v.

Jaquanna K. Jackson, Appellant.

Appellate Case No. 2018-000060

———————

Appeal From Richland County
Michelle M. Hurley, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-321
Submitted October 1, 2020 – Filed September 8, 2021

———————

**AFFIRMED**

———————

Carrie Ann Warner, of Carrie A. Warner, Attorney at
Law, LLC, of Columbia, for Appellant.

Clarence E. Adamson, of Columbia, pro se.

———————

**PER CURIAM:** Jaquanna Jackson (Mother) appeals the family court's final
order. On appeal, Mother argues the family court erred in (1) granting Clarence
Adamson (Father) unsupervised visitation of their twins (Children), who were born
in August of 2013; (2) denying her motion in limine; (3) admitting Father's alcohol
test results; (4) failing to garnish Father's Veteran's Affairs (VA) disability

benefits; (5) failing to find Father in willful contempt for failure to pay child support; and (6) failing to grant her additional attorney's fees.  We affirm.

1.  We hold the family court did not err in granting Father unsupervised visitation. *See Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("Appellate courts review appeals from the family court de novo."); *Lewis v. Lewis*, 400 S.C. 354, 361, 734 S.E.2d 322, 325 (Ct. App. 2012) ("[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we recognize the superior position of the family court . . . in making credibility determinations.'" (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011))).  We find unsupervised visitation was in Children's best interests.  Evidence in the record demonstrated Father could be a positive influence on Children.  He has had continued positive contact with Children, there was no evidence Father was intoxicated during visits, and unsupervised visitation would not be detrimental to Children's welfare.  *See Paparella v. Paparella*, 340 S.C. 186, 191, 531 S.E.2d 297, 300 (Ct. App. 2000) ("As with child custody, the welfare and best interests of the child are the primary considerations in determining visitation."); *Duck v. Jenkins*, 297 S.C. 136, 139, 375 S.E.2d 178, 179 (Ct. App. 1988) ("Visitation privileges with [a] child may be denied a parent where [his or her] exercise would injure the child emotionally.").

2.  We hold the family court did not err in denying Mother's request to sanction Father for discovery violations by prohibiting him from presenting a case in chief. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (stating appellate courts review the "family court's evidentiary or procedural rulings . . . using an abuse of discretion standard"); *Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) (stating "the admission or exclusion of evidence is within the trial judge's discretion[,] and to warrant reversal[,] an appellant must show both abuse of discretion and prejudice"); *Kramer v. Kramer*, 323 S.C. 212, 217, 473 S.E.2d 846, 848 (Ct. App. 1996) ("[T]he rules of discovery were designed to promote the full examination of all relevant facts and issues and to discourage litigants from surprising one another through the introduction of unexpected testimony."); *id.* ("In order to encourage compliance with discovery rules, trial courts can impose sanctions upon parties who violate them, including the exclusion of witnesses whose identities have been withheld."); Rule 37(b)(2)(B), SCRCP (noting a court may refuse to allow a disobedient party to introduce designated matters into evidence as a sanction for failure to comply with discovery orders); *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 592, 586 S.E.2d 572, 574-75 (2003) (listing factors a trial court must consider before excluding a witness as follows: "(1) the type of witness involved; (2) the content of

the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness'[s] name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and (5) the prejudice to the opposing party" (citing *Jumper v. Hawkins*, 348 S.C. 142, 152, 558 S.E.2d 911, 916 (Ct. App. 2001))); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457 (2009) ("In deciding what sanction to impose for failure to disclose evidence during the discovery process under Rule 37 [of the South Carolina Rules of Civil Procedure (SCRCP)], the trial court should weigh the nature of the interrogatories, the discovery posture of the case, willfulness, and the degree of prejudice."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the appellant has the burden of providing a sufficient record); Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal.").  We hold the family court did not err in denying Mother's written motion in limine because she failed to serve Father.  *See* Rule 5(a), SCRCP ("Unless otherwise ordered by the court because of numerous defendants or other reasons, all . . . *written* motions, other than ones which may be heard ex parte . . . shall be served upon each of the parties of record." (emphasis added)).  In addition, Mother failed to include in the record on appeal the transcript of the argument she made on this issue to the family court at the hearing.  Mother fails to argue how she was prejudiced by Father's alleged failure to comply with discovery or the family court's admission of evidence.  She contends the family court erred in admitting the testimony of a witness whose name Father failed to provide in discovery.  However, she did not include this witness's testimony in the record for this court to review for prejudice.  Accordingly, we find Mother did not meet her burden of proving error by the family court.  *See Daily v. Daily*, 432 S.C. 608, 618, 854 S.E.2d 856, 862 (Ct. App. 2021) ("[T]he appellant bears the burden of convincing the appellate court that the family court committed an error.").

3.  We hold Mother's argument that Father's drug screen should have been excluded from the record is not preserved.  At the end of the hearing, the family court ordered Father to obtain an alcohol screen and stated it was taking the case under advisement.  Mother did not object to the family court's consideration of the screen or request that she should be able to cross-examine Father on the results or call rebuttal witnesses until she raised the issues in her Rule 59(e), SCRCP, motion.  *See Spreeuw v. Barker*, 385 S.C. 45, 69, 682 S.E.2d 843, 855 (Ct. App. 2009) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not." (quoting *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990))).

4.  We hold the family court did not err by failing to garnish Father's VA disability benefits because Father's VA disability benefits could only be garnished if he had waived his military retirement in order to obtain VA disability compensation.  *See* 42 U.S.C.A. § 659(h)(1)(A)(ii)(V) (2018) (providing VA disability benefits may be garnished from "a former member of the Armed Forces who is in receipt of retired or retainer pay if the former member has *waived* a portion of the retired or retainer pay in order to receive [the disability benefits]" (emphasis added)).  Here, the record does not demonstrate Father received or waived retirement pay.

5.  We hold the family court did not err in declining to find Father in contempt for failure to pay child support.  *See Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000) ("Contempt is a consequence of the willful disobedience of a court order."); *id.* ("A willful act is one 'done voluntarily and intentionally with the specific intent . . . to fail to do something the law requires to be done . . . .'" (quoting *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)).  While Father failed to pay child support for the month he was in jail, he paid almost all of the required support that accrued during the subsequent months.  Father's continued payment of child support following his release from jail evidences his lack of full payment was not a willful act of intentionally failing to comply with the order.  Mother contends the family court should not have limited its consideration of the contempt issue for the time period after April 7, 2017.  As the family court found, Father had already been held in contempt and served jail time for the past arrearage.  *See State v. Brandt*, 393 S.C. 526, 538, 713 S.E.2d 591, 597 (2011) ("The Double Jeopardy Clauses of the United States and South Carolina Constitutions operate to protect citizens from being twice placed in jeopardy of life or liberty for the same offense.").  Mother provides no authority for her contention that Father's early release from jail negated the prior contempt sentence.  *See Daily*, 432 S.C. at 618, 854 S.E.2d at 862 ("The appellant bears the burden of convincing the appellate court that the family court committed an error.").

6.  We hold the family court did not err in ordering Father to pay $1,250 in attorney's fees.  *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing when deciding whether to award attorney's fees and costs, a family court should consider the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d

313, 315 (1991) ("The six factors cited by this Court in determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services.").  Here, Father was already ordered to pay $3,304 in attorney's fees, Mother was in a superior financial position, and Father was successful in receiving his requested relief of unsupervised visitation.  However, because Mother was successful in her rule to show cause based on Father's failure to pay attorney's fees, we find the award of $1,250 in attorney's fees was reasonable.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.