**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard T. Goldsmith, Appellant,

v.

Hailey M. Efird, Respondent.

Appellate Case No. 2022-000642

———————

Appeal From York County
Angela J. Moss, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-377
Submitted November 1, 2023 – Filed November 28, 2023

———————

**AFFIRMED**

———————

Stephen D. Schusterman, of Schusterman Law Firm, of
Rock Hill, for Appellant.

Hailey M. Efird, of Tega Cay, pro se.

———————

**PER CURIAM:** Richard T. Goldsmith (Father) appeals family court orders granting Hailey M. Efird (Mother) extended visitation with their minor child (Child) and awarding Mother child support. On appeal, Father argues the family court erred in granting Mother extended visitation, failing to make specific findings when determining child support, and applying Worksheet C to calculate child support. We affirm.

As to Father's argument the family court erred in granting Mother extended visitation with Child, we hold the extended visitation schedule is in Child's best interests. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews the family court's decisions de novo). Father is right that the record contains ample evidence of the parties' contentious relationship and Mother's history with substance abuse. Still, evidence presented at the final hearing showed, among other things: (1) Mother was Child's primary custodial parent prior to the initiation of this case; (2) Mother and Child had a close relationship; (3) Mother and Child lived with Child's maternal grandmother (Grandmother) for a significant portion of Child's life, and Child had thrived in Mother and Grandmother's care; and (4) Child's demeanor changed after moving to Father's home pursuant to the temporary order, and Child informed the guardian ad litem she missed Mother and wanted to spend more time with her. The family court considered, and made adequate findings on, the factors listed in section 63-15-240(B) of the South Carolina Code (Supp. 2023), and put appropriate measures in place to address issues between the parties and any future substance use by Mother. Because the family court, which saw and heard the witnesses, ordered a visitation schedule that would protect Child, while also allowing Child to spend more time with Mother, we affirm that the extended visitation schedule is in Child's best interests. *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (stating that although an appellate court reviews the family court's findings de novo, the court is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with [a] de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); *Paparella v. Paparella*, 340 S.C. 186, 191, 531 S.E.2d 297, 300 (Ct. App. 2000) ("As with child custody, the welfare and best interests of the child are the primary considerations in determining visitation."); § 63-15-240(B) (listing factors the family court may consider when determining whether a custodial arrangement is in the best interest of the child).

As to Father's argument the family court erred in failing to make specific findings when deciding not to award child support in its original custody order, we hold this argument is moot because the family court amended its findings in its order on Father's motion for reconsideration. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *see also Klein v. Barrett*, 427 S.C. 74, 90, 828 S.E.2d 773, 781 (Ct. App. 2019) (finding an argument about clerical

or typographical errors in the family court's child support calculation was moot because the family court subsequently "corrected and clarified its calculation").

As to Father's argument the family court erred in utilizing Worksheet C to calculate child support, we hold that under the facts of this case, the family court did not err in calculating child support pursuant to Worksheet C and adequately explained its reasoning for doing so in its order on Father's motion for reconsideration. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating an appellate court reviews the family court's decisions de novo). Under the family court's final order, Mother and Father received significant time with Child, with Mother receiving 140 overnights—approximately 38% of overnights—with Child and Father receiving 225 overnights—approximately 62% of overnights with Child. Further, Father's gross monthly income was far superior to Mother's gross monthly income. Moreover, both parties were to contribute to Child's expenses and care in addition to child support. *See Burch v. Burch*, 395 S.C. 318, 331, 717 S.E.2d 757, 764 (2011) (noting that when awarding child support, family courts are "generally required to follow" the child support guidelines); S.C. Code Ann. Regs. 114-4730(A) (Supp. 2023) (defining shared physical custody as each parent having more than 109 overnights of court-ordered visitation per year and each parent contributing "to the expenses of the child(ren) in addition to the payment of child support"); *id.* ("The amount of visitation . . . is left to the discretion of the [family court] in consideration of the various factors of the Children's Code, and the use of the calculation on Worksheet C in shared physical custody cases is advisory and not compulsory."); *id.* (stating the family "court should consider each case individually before applying the adjustment to ensure that it does not produce a substantial negative effect on the child(ren)'s standard of living"); S.C. Code Ann. Regs. 114-4730(A)(1) (Supp. 2023) ("Child support for cases with shared physical custody shall be calculated using Worksheet C.").

Accordingly, the family court orders are

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.